**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**

CHRISTIAN MACIAS, individually and on behalf of all others similarly situated,

*Plaintiff*,

vs.

WHITE KNIGHT PEST CONTROL, INC.,

*Defendant*.
_______________________________________/

**CLASS ACTION**

**Case No. 1:26-cv-01200-DAE**

**JURY TRIAL DEMANDED**

# FIRST AMENDED CLASS ACTION COMPLAINT

1. Plaintiff, Christian Macias ("Plaintiff"), brings this action against Defendant, White Knight Pest Control, Inc. ("Defendant"), to secure redress for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and the Texas Business & Commerce Code §§ 302.101 and 305.053.

## NATURE OF THE ACTION

2. This is a putative class action pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., (the "TCPA") and the Texas Business and Commerce Code §§ 302.101 and 305.053 (the "TBCC").

3. This case arises from Defendant's transmission of multiple unauthorized text messages to cellular telephones and violations of the National Do Not Call Registry of Plaintiff and others, without regard to consumers' consent or privacy rights.

4. Defendant is a pest control corporation that provides pest management and extermination services to consumers, based out of Texas.

5. To promote its services, Defendant engages in aggressive unsolicited telemarketing, harming thousands of consumers in the process. Defendant utilizes aggressive

marketing to push its products and services without regards to consumers' rights under the TCPA and TBCC.

6. Through this action, Plaintiff seeks injunctive relief to halt Defendant's illegal conduct, which has resulted in the invasion of privacy, harassment, aggravation, and disruption of the daily life of thousands of individuals. Plaintiff also seeks statutory damages on behalf of himself and members of the class, and any other available legal or equitable remedies.

**JURISDICTION AND VENUE**

7. Jurisdiction is proper under 28 U.S.C. § 1331 as Plaintiff alleges violations of a federal statute. Jurisdiction is also proper under 28 U.S.C. § 1332(d)(2) because Plaintiff alleges a national class, which will result in at least one class member belonging to a different state than that of Defendant. Plaintiff seeks up to $1,500.00 (one-thousand-five-hundred dollars) in damages for each call in violation of the TCPA and the TBCC, which, when aggregated among a proposed class numbering in the tens of thousands, or more, exceeds the $5,000,000.00 (five-million dollars) threshold for federal court jurisdiction under the Class Action Fairness Act ("CAFA"). Therefore, both the elements of diversity jurisdiction and CAFA jurisdiction are present.

8. Venue is proper in the United States District Court for the Western District of Texas pursuant to 28 U.S.C. § 1391(b) and (c) because Defendant is headquartered within this district, Defendant is deemed to reside in any judicial district in which it is subject to the court's personal jurisdiction, and because Defendant provides and markets its services from within this district thereby establishing sufficient contacts to subject it to personal jurisdiction. Further, Defendant's tortious conduct against Plaintiff occurred from within the Western District of Texas and, on information and belief, Defendant has sent the same text messages complained of by Plaintiff to

other individuals from within this judicial district, subjecting Defendant to jurisdiction in the Western District of Texas.

## PARTIES

9. Plaintiff is a natural person who, at all times relevant to this action, was a resident of Newton County, Texas.

10. Plaintiff is, and at all times relevant hereto was, an individual and the sole subscriber of the residential telephone number ending in 6028 (the "6028 Number") that received Defendant's telemarketing text messages.

11. Defendant is a Texas corporation whose principal address is located at 1900 FM 967, Suite A, Buda, Texas 78610.

12. Defendant directs, markets, and provides its business activities throughout the State of Texas.

13. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, vendors, and insurers of Defendant.

## FACTUAL ALLEGATIONS

14. Beginning at least on or about May 2025, Defendant sent or caused to be sent multiple telemarketing text messages to Plaintiff's 6028 Number, from telephone number (210) 503-0390, as shown below:




15. Defendant continued transmitting unsolicited telemarketing text messages to Plaintiff from telephone number (512) 960-1155, including but not limited to messages sent on, November 6, 2025, November 24, 2025, and December 1, 2025, as shown below:


11:15
+1 (512) 960-1155
Hello, This is Glenn from White Knight Pest Control. I Just want to share with you that we just received the OK from our office to offer a GREAT promotion for reinstating accounts who are coming back to us and signing up TODAY.
!!! The offer is available until the end of the day.
The initial service is full interior and full exterior treatment regular price is $300 for ONLY $29 dollar and ONLY $39 a month as well as for an unlimited pest control service and we include complimentary termite monitors. Also, we decided to add protection against mice (mice traps) totally for FREE and of course we guarantee our services 100%!
Please, let me know if you are still interested in protecting your property with the BEST







16. Defendant's text messages were transmitted to Plaintiff's cellular telephone, and within the time frame relevant to this action.

17. Defendant's text messages constitute telemarketing because they encouraged the future purchase or investment in Defendant's property, goods, or services, i.e., Defendant's pest control services.

18. Defendant's text messages constitute "telephone solicitations" because they were initiated by Defendant "to induce a person to purchase, rent, claim, or receive an item"—here, Defendant's pest control services.

19. The information contained in the text messages advertises Defendant's various promotions, which Defendant sends to promote its business.

20. Defendant sent the subject texts from within this judicial district and, therefore, Defendant's violation of the TCPA occurred from within this district. Upon information and belief, Defendant caused other text messages to be sent to individuals residing within this judicial district.

21. Defendant's texts were not made for an emergency purpose or to collect on a debt pursuant to 47 U.S.C. § 227(b)(1)(B).

22. At no point in time did Plaintiff provide Defendant with his express written consent to be contacted.

23. Specifically, Plaintiff never completed any type of form that clearly and conspicuously authorized Defendant to contact Plaintiff's residential cellular telephone with marketing text messages.

24. Plaintiff is the subscriber and sole user of the 6028 Number and is financially responsible for it.

25. Plaintiff's 6028 Number is his residential telephone number used for personal purposes. Plaintiff's 6028 Number is his primary way of being contacted in his home.

26. Plaintiff registered his 6028 Number with the national do-not-call registry on June 3, 2004, and has been registered at all times relevant to this action.

27. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

28. The text messages originated from at least telephone numbers (512) 960-1155 and (210) 503-0390, numbers which upon information and belief are owned and operated by Defendant or on behalf of Defendant.

29. On information and belief, Defendant sought a financial benefit from the telemarketing text messages it placed to Plaintiff and the putative class members, as it attempted to derive business from these messages.

30. Defendant's unsolicited text messages caused Plaintiff actual harm, including invasion of his privacy, aggravation, annoyance, intrusion on seclusion, trespass, and conversion. Defendant's text messages also inconvenienced Plaintiff and caused disruption to his daily life.

## TEXAS TELEPHONE SOLICITATION REGISTRATION VIOLATIONS

31. On July 22, 2026, Plaintiff's counsel searched the Texas Secretary of State website at https://direct.sos.state.tx.us/telephone/TelephoneSearch.asp and found no telephone solicitation registration for Defendant.

32. Defendant has never been registered to transmit telephone solicitations in Texas or to Texas residents.

33. Each text message alleged herein was sent without a valid Texas telephone solicitation registration.

34. Defendant does not qualify for an exemption to the Texas telephone solicitation registration requirement.

## CLASS ALLEGATIONS

### PROPOSED CLASS

35. Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23, on behalf of himself and all others similarly situated.

36. Plaintiff brings this case on behalf of the Classes defined as follows:

> **<u>Do Not Call Registry Class:</u> All persons in the United States who from four years prior to the filing of this action (1) were sent a text message or call by or on behalf of Defendant; (2) more than one time within any 12-month period; (3) where the person's telephone number had been listed on the National Do Not Call Registry for at least thirty days; and (4) for the purpose of selling Defendant's products and services.**
>
> **<u>Texas Do Not Call Registry Class:</u> All persons in Texas who from four years prior to the filing of this action (1) were sent a text message by or on behalf of Defendant; (2) more than one time within any 12-month period; (3) where the person's telephone number had been listed on the National Do Not Call Registry for at least thirty days; and (4) for the purpose of selling Defendant's products and services.**
>
> **<u>Texas Registration Certificate Class</u>: All persons in Texas who from four years prior to the filing of this action (1) received a telephone call or text made by or on behalf of defendant; (2) which was transmitted to sell Defendant's products and services; and (3) when Defendant did not hold a valid telephone solicitation registration certificate from the Texas Secretary of State.**

37. Defendant and its employees or agents are excluded from the Classes. Plaintiff does not know the number of members in each Class but believes the Class members number in the several thousands, if not more.

**<u>NUMEROSITY</u>**

38. Upon information and belief, Defendant has placed violative calls to cellular telephone numbers belonging to thousands of consumers throughout the United States who are registered on the Do Not Call registry. The members of the Classes, therefore, are believed to be so numerous that joinder of all members is impracticable.

39. The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's text message records.

**COMMON QUESTIONS OF LAW AND FACT**

40. There are numerous questions of law and fact common to the Class which predominate over any questions affecting only individual members of the Class. Among the questions of law and fact common to the Class are:

a) Whether Defendant violated 47 C.F.R. § 64.1200(c);

b) Whether Defendant's conduct was knowing and willful;

c) Whether Defendant violated the TBCC;

d) Whether Defendant violated the privacy rights of Plaintiff and members of the classes;

e) Whether Defendant is liable for damages, and the amount of such damages; and

f) Whether Defendant should be enjoined from such conduct in the future.

41. The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely transmits text messages to telephone numbers assigned to cellular telephone services is accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

**TYPICALITY**

42. Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

**PROTECTING THE INTERESTS OF THE CLASS MEMBERS**

43. Plaintiff is a representative who will fully and adequately assert and protect the interests of the Classes and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Classes.

**PROCEEDING VIA CLASS ACTION IS SUPERIOR AND ADVISABLE**

44. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit because individual litigation of the claims of all members of the Classes is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Classes are in the millions of dollars, the individual damages incurred by each member of the Classes resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Classes could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

45. The prosecution of separate actions by members of the Classes would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Classes, although certain class members are not parties to such actions.

**COUNT I**
**Violation of the TCPA, 47 U.S.C. § 227**
**(On Behalf of Plaintiff and the Do Not Call Registry Class)**

46. Plaintiff repeats and re-alleges the paragraphs 1 through 34 of this Complaint and incorporates them by reference herein.

47. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

48. 47 C.F.R. § 64.1200(e), provides that § 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."[1]

49. 47 C.F.R. § 64.1200(d) further provides that "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity."

50. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

51. Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

---

[1] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003) Available at https://apps.fcc.gov/edocs_public/attachmatch/FCC-03-153A1.pdf

52. Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff and the Do Not Call Registry Class received more than one telephone call in a 12-month period made by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200, as described above. As a result of Defendant's conduct as alleged herein, Plaintiff and the Do Not Call Registry Class suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled, inter alia, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

53. To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Do Not Call Registry Class.

**COUNT II**
**Violation of the TBCC § 305.053**
**(On Behalf of Plaintiff and the Texas Do Not Call Registry Class)**

54. Plaintiff repeats and realleges paragraphs 1 through 34 of this Complaint and incorporates them by reference herein.

55. The TBCC provides: "A person who receives a communication that violates 47 U.S.C. Section 227, a regulation adopted under that provision, or Subchapter A may bring an action in this state against the person who originates the communication for: (1) an injunction; (2) damages in the amount provided by this section; or (3) both an injunction and damages." Texas Bus. & Com. Code §305.053(a).

56. As set forth above, Defendant violated 47 C.F.R. § 64.1200(c) of the TCPA's implementing regulations by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff and the Do Not Call Registry Class members who registered their respective elephone numbers on the National Do Not Call Registry.

57. Moreover, 47 C.F.R. § 64.1200(e) provides that § 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."

58. Under the TBCC, Plaintiff and the Class members are entitled to recover $500 in statutory damages for each violative text message. Texas Bus. & Com. Code §305.053(b).

**COUNT III**
**<u>Knowing and/or Willful Violations of the TCPA</u>**
**(On Behalf of Plaintiff and the Class)**

59. Plaintiff re-alleges and incorporates paragraphs 1 through 34 as if fully set forth herein.

60. At all times relevant, Defendant knew or should have known that its conduct as alleged herein violated the TCPA.

61. Defendant knew that it did not have prior express consent to transmit telemarketing text messages and knew or should have known that its conduct was a violation of the TCPA.

62. Defendant knew or should have known that Plaintiff's number was on the National Do Not Call Registry and that sending text messages to such numbers violated federal regulations.

63. Because Defendant knew or should have known that Plaintiff and Class Members had not given prior express consent to receive its telemarketing text messages and that their numbers were on the National Do Not Call Registry, the Court should treble the amount of statutory damages available to Plaintiff and the other members of the putative class pursuant to § 227(c)(5) of the TCPA.

64. As a result of Defendant's violations, Plaintiff and the Class Members are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5).

**COUNT IV**
**<u>Violation of the TBCC § 302.101</u>**
**(On Behalf of Plaintiff and the Texas Registration Certificate Class)**

65. Plaintiff repeats and re-alleges paragraphs 1 through 34 of this Complaint and incorporates them by reference herein.

66. The Texas Business and Commerce Code requires sellers to obtain a registration certificate from the Secretary of State in order to make telephone solicitations inside the State of Texas or to residents located in the State of Texas. Tex. Bus. & Com. Code § 302.101.

67. "Telephone solicitation" means "a call or other transmission, including a transmission of a text or graphic message or of an image, initiated by a seller or salesperson to induce a person to purchase, rent, claim, or receive an item. The term includes a telephone call a purchaser makes in response to a solicitation sent by mail or made by any other means." Tex. Bus. & Com. Code § 302.001(7).

68. Defendant is a "seller" as defined under Tex. Bus. & Com. Code § 302.001(5), as it made telephone solicitations on its own behalf.

69. Defendant has never held a valid telephone solicitation registration certificate from the Texas Secretary of State.

70. The foregoing acts and omissions of Defendant and/or its affiliates or agents constitute multiple violations of Tex. Bus. & Com. Code § 302.101, by making unregistered telephone solicitations to Plaintiff's and the Texas Telephone Solicitation Registration Class's cellular telephone numbers without a valid registration certificate.

71. Plaintiff and the Texas Telephone Solicitation Registration Class are entitled to an award of up to $5,000 in damages for each such violation. Tex. Bus. & Com. Code § 302.302(a).

72. Plaintiff and the Texas Telephone Solicitation Registration Class are entitled to an award of all reasonable costs of prosecuting the action, including court costs, investigation costs, deposition expenses, witness fees, and attorney's fees. Tex. Bus. & Com. Code § 302.302(d).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

a) An order certifying this case as a class action on behalf of the Classes as defined above, and appointing Plaintiff as the representative of the Class and Plaintiff's counsel as Classes Counsel;

b) An award of actual and statutory damages for Plaintiff and each member of the Classes;

c) An order declaring that Defendant's actions, set out above, violate the TCPA and the TBCC;

d) An injunction requiring Defendant to cease all text messaging solicitations to numbers on the National Do Not Call Registry, to cease making telephone solicitations in Texas without a valid registration certificate, and to otherwise protect the interests of the Classes;

e) Such further and other relief as the Court deems necessary.

## JURY DEMAND

Plaintiff and Class Members hereby demand a trial by jury.

## DOCUMENT PRESERVATION DEMAND

Plaintiff demands that Defendant take affirmative steps to preserve all records, lists, electronic databases, or other itemizations associated with the allegations herein, including all

records, lists, electronic databases, or other itemizations in the possession of any vendors, individuals, and/or companies contracted, hired, or directed by Defendant to assist in sending the alleged communications.

Dated: July 23, 2026

Respectfully submitted,

**Shamis & Gentile, P.A.**
*/s/ Christopher Berman*
Christopher Berman, Esq.
cberman@shamisgentile.com
14 NE 1st Avenue, Suite 705
Miami, FL 33132
Telephone: 305-479-2299

*Counsel for Plaintiff and the Classes*